UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LA CARRETA-DERRY, INC., d/b/a LA CARRETA MEXICAN RESTAURANT; LA CARRETA-LONDONDERRY, LLC d/b/a LA CARRETA MEXICAN RESTAURANT; and HERIBERTO LEON,<br><br>Defendants. | Civil Action No.<br><br>Injunctive Relief Sought |

## COMPLAINT

1. Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because Defendants La Carreta-Derry, Inc. d/b/a La Carreta Mexican Restaurant; La Carreta-Londonderry, LLC, d/b/a La Carreta Mexican Restaurant; and Heriberto Leon (collectively, the "Defendants") have failed to pay their employees the federal minimum wage and required overtime compensation, and failed to maintain accurate employment-related records, all in violation of the Fair Labor Standards Act of 1938 (the "FLSA" or "Act").

2. The Secretary seeks to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5), and to recover wages that Defendants failed to pay their employees, as well as liquidated damages, pursuant to the provisions of Sections 15(a)(2), 15(a)(5), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(5), 216(c), and 217.

1

3. The time period covered by this Complaint is November 27, 2016 through at least November 27, 2019.

## Jurisdiction and Venue

4. Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the District of New Hampshire because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## The Parties

*Plaintiff Secretary of Labor*

6. Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA, and recover back wages and liquidated damages, and is the proper plaintiff for this action.

*Defendant La Carreta-Derry, Inc., d/b/a La Carreta Mexican Restaurant*

7. Defendant La Carreta-Derry, Inc. d/b/a La Carreta Mexican Restaurant ("La Carreta-Derry") is a corporation that operates as a full service restaurant at 35 Manchester Rd., Suite 5A, Derry, NH 03038, within the jurisdiction of this Court.

8. La Carreta-Derry employs employees who work as wait staff, bartenders, food preparation workers, cooks, and dishwashers.

9. La Carreta-Derry has set its employees' method of compensation, set policies regarding compensation, and maintained records of employment.

10. La Carreta-Derry has set the hours worked by its employees, supervised employees' work, and hired and fired them.

*Defendant La Carreta-Londonderry, LLC d/b/a La Carreta Mexican Restaurant*

11. Defendant La Carreta-Londonderry, LLC d/b/a La Carreta Mexican Restaurant ("La Carreta-Londonderry") is a limited liability corporation that operates as a full service restaurant at 44 Nashua Rd., Londonderry, NH 03053, within the jurisdiction of this Court.

12. La Carreta-Londonderry employs employees who work as wait staff, bartenders, food preparation workers, cooks, and dishwashers.

13. La Carreta-Londonderry has set its employees' method of compensation, set policies regarding compensation, and maintained records of employment.

14. La Carreta-Londonderry has set the hours worked by its employees, supervised employees' work, and hired and fired them.

*Defendant Heriberto Leon*

15. Defendant Heriberto Leon transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court, and is the general manager of La Carreta-Londonderry.

16. Defendant Heriberto Leon personally managed the day-to-day operations of La Carreta-Londonderry.

17. In that capacity, he operated and oversaw the business including both the front-of-the-house and the back-of-the-house operations, hired, fired, and supervised employees, set the particular hours of work for employees, and determined practices regarding employees' pay.

18. His actions concerning pay practices have affected the amounts of compensation received by employees.

19. He has actively managed, supervised, and directed the day-to-day business affairs and operations of La Carreta-Londonderry.

20. Defendant Heriberto Leon has acted directly and indirectly in the interest of La Carreta-Londonderry in relation to its employees, and therefore is and has been an employer of that restaurant's employees within the meaning of the FLSA, *see* 29 U.S.C. § 203(d).

21. The claims against Defendant Heriberto Leon in this case arise out of and are directly related to his business activities in New Hampshire.

<u>Defendants Are an Enterprise Engaged in Commerce</u>

22. At all times covered by this Complaint, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

23. At all times covered by this Complaint, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

24. Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

25. For the period covered by this Complaint, Defendants' employees have been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

Defendants Are Joint Employers Under the FLSA

26. At all times covered by this Complaint, Defendants have been joint employers within the meaning of 29 C.F.R. § 791.2(e)

27. Defendants do not operate independently and are not disassociated with respect to their employment of employees.

28. La Carreta-Derry and La Carreta-Londonderry share common ownership.

29. La Carreta-Derry and La Carreta-Londonderry share employees' services between their two locations.

30. One example of this arrangements is an employee who worked as a server at La Carreta-Derry and as acting manager at La Carreta-Londonderry.

31. As joint employers, Defendants were required to aggregate employees' hours worked at La Carreta-Derry and La Carreta-Londonderry during any workweek but failed to do so.

Defendants' Wage and Hour Practices

32. From November 27, 2016 to at least November 27, 2019, Defendants willfully violated the provisions of Sections 6, 7, and 11 of the FLSA, 29 U.S.C. §§ 206, 207, and 211, by failing to pay employees the federal minimum wage, failing to pay employees at one and one-half times their regular rates of pay for hours worked over 40 in a workweek, and failing to maintain accurate employment-related records. Therefore, Defendants are liable for wages owed to these employees and an equal amount of liquidated damages under 16(c) of the Act, 29 U.S.C. § 216(c), as set forth below.

*Defendants Failed to Pay Employees the FLSA Minimum Wage*

33. La Carreta-Derry failed to pay approximately three front-of-the-house employees the required minimum wage under the FLSA.

34. La Carreta-Derry paid these employees no wage at all, requiring them to rely exclusively on tips for their pay.

35. La Carreta-Londonderry and Heriberto Leon failed to pay approximately one front-of-the-house employee the required minimum wage under the FLSA.

36. La Carreta-Londonderry and Heriberto Leon paid this employee no wage at all, requiring the employee to rely exclusively on tips for the employee's pay.

37. Defendant Heriberto Leon admitted that La Carreta-Londonderry and La Carreta-Derry paid some employees no wage at all, requiring them to rely exclusively on tips for their pay.

38. Examples of workweeks in which Defendants paid employees less than the FLSA minimum wage of $7.25 per hour include the following:

   a. For most or all workweeks between November 2016 and November 2019, La Carreta-Derry paid two employees no wages at all.

   b. For most or all workweeks between July 2016 and July 2017, La Carreta-Londonderry and Heriberto Leon paid one employee no wages at all.

39. Defendants failed to pay front-of-the-house employees at La Carreta-Derry and La Carreta-Londonderry the minimum wage required by Section 6 of the FLSA, 29 U.S.C. § 206, and, as a result, Defendants owe these employees minimum wage back wages.

*Defendants Failed to Pay Employees Required FLSA Overtime Compensation*

40. Defendants failed to properly compensate approximately 64 employees for overtime hours worked.

41. Defendants paid these employees at rates less than one and one-half times the regular rates at which they were employed for overtime hours worked.

42. Defendants required certain employees to work from approximately 9:00 a.m. to 2:30 p.m. and from 5:00 p.m. to 10:00 p.m., six days each week.

43. Defendants required these employees to work, on average, approximately 63 hours each week.

44. As set forth above, Defendants paid four employees no wage at all, requiring them to rely exclusively on tips for their pay, and thereby failed to pay those employees any overtime wages at all for overtime hours they worked at La Carreta-Derry and La Carreta-Londonderry.

45. Defendants paid other employees straight-time wages for overtime hours worked at La Carreta-Derry and La Carreta-Londonderry.

46. Examples of workweeks in which Defendants paid employees straight-time wages for hours worked hours over 40 include the following:

   a. During the workweek ending October 21, 2018, a dishwasher at La Carreta-Derry worked a total of 25 overtime hours but La Carreta-Derry did not compensate that employee at one and one-half times the regular rate at which the employee was employed.

   b. During the workweek ending October 14, 2018, a server at La Carreta-Derry worked a total of 17 overtime hours but La Carreta-Derry did not compensate

that employee at one and one-half times the regular rate at which the employee was employed.

47. Defendants paid other employees fixed lump sums when they worked overtime hours and those lump sum payments did not include the overtime premium pay required by the FLSA.

*Defendants Failed to Maintain Records Required by the FLSA*

48. Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records.

49. Specifically, Defendants failed to keep adequate and accurate records of employees' hours worked, wages paid, names, home addresses, and day and time of the beginning of the workweek in violation of 29 C.F.R. § 516.2(a).

50. Defendants also failed to display the required FLSA poster at any restaurant.

*Defendants' FLSA Violations Were Willful*

51. Defendants' violations of the FLSA were knowing, deliberate, and/or intentional, or were done with reckless disregard for the Act.

52. Defendants were aware of at least the overtime requirements of the FLSA, as they paid some employees proper overtime compensation.

53. Yet, as set forth above, Defendants failed to pay other employees the overtime premium required under the FLSA

54. Defendants paid some employees partially by check and partially in cash, and the check payments often did not include hours worked over 40 in a workweek.

## COUNT ONE

**<u>Violations of Sections 6 & 15(a)(2) of the FLSA—Failure to Pay Minimum Wage</u>**

55.   The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

56.   Defendants La Carreta-Derry, La Carreta-Londonderry, and Heriberto Leon have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at rates less than the applicable minimum wage under the FLSA.

57.   Therefore, Defendants La Carreta-Derry, La Carreta-Londonderry, and Heriberto Leon are liable for minimum wage compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

**<u>Violations of Sections 7 & 15(a)(2) of the Act—Failure to Pay Overtime</u>**

58.   The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

59.   Defendants La Carreta-Derry, La Carreta-Londonderry, and Heriberto Leon violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which those employees were employed for hours worked in excess of 40 hours in such workweeks.

60.   Therefore, Defendants La Carreta-Derry, La Carreta-Londonderry, and Heriberto Leon are liable for overtime compensation owed to certain of the employees listed in

the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT THREE

### Violations of Sections 11(c) & 15(a)(5) of the Act—Failure to Make & Keep Records

61. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

62. Defendants failed to keep true and accurate records of the hours worked by each of their non-exempt employees, the time at and day on which employees' workweek began, and employees' home addresses in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the Act, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act, including Sections 6, 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period from November 27, 2016 through November 27, 2019, plus liquidated damages equal in amount to the unpaid wages found due.

Additional amounts of back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after November 27, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A.

3.  For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4.  In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.  Awarding the Secretary the costs of this action; and

6.  Granting such other and further relief as may be necessary and appropriate.

> Kate S. O'Scannlain
> Solicitor of Labor
>
> Maia S. Fisher
> Regional Solicitor
>
> Mark A. Pedulla
> Counsel for Wage & Hour
>
> /s/ Paul Spanos
> Paul Spanos
> Senior Trial Attorney
> Spanos.paul@dol.gov
> OH Bar No. 0069269
>
> U.S. Department of Labor
> Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
Boston Regional Office

DATED: December 16, 2020