UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,[1]

        Plaintiff,

    v.

LA CARRETA-DERRY, INC., d/b/a LA
CARRETA MEXICAN RESTAURANT; LA
CARRETA-LONDONDERRY, LLC d/b/a LA
CARRETA MEXICAN RESTAURANT; and
HERIBERTO LEON,

        Defendants.

Civil Action No. 1:20-cv-01185-PB

**CONSENT JUDGMENT AND ORDER**

Plaintiff Secretary of Labor United States Department of Labor (the "Secretary"), has filed a Complaint in this case alleging that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter the "Act"). Defendants have appeared and answered the Secretary's Complaint. Defendants admit that they violated Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5). The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Martin J. Walsh is automatically substituted as the proper Plaintiff in this case. For ease of reference, the Secretary and his pertinent predecessors will be referred to herein as the "Secretary" or "Plaintiff."

It is, therefore ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), in any manner, specifically:

1. Defendants shall not, contrary to Section 6 of the Act, 29 U.S.C. § 206, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2).

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at rates not less than one-and-one-half times the employees' regular rates of pay.

3. Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the Act, 29 U.S.C. § 211(a), and commenced after the entry of this Consent Judgment. Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Defendants shall provide the United States Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the Act, 29 U.S.C. § 211(c), and 29

C.F.R. Part 516, and shall provide access to other information necessary for the proper execution of any United States Department of Labor investigation. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

4.      Defendants shall not, contrary to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the Act.

It is further ORDERED, ADJUDGED, and DECREED:

5.      The Court, finding that Defendants' employees are due back wages and liquidated damages in the total amount of $890,169.28 (inclusive of $445,084.64 in back wages and $445,084.64 in liquidated damages), as shown on the attached Exhibit A, which is incorporated in and made a part of this Consent Judgment, it is ordered that Defendants are restrained from withholding said back wages and shall pay, jointly and severally, said back wages and liquidated damages plus any applicable interest in accordance with the terms set forth herein.

6.      The back wage and liquidated damages provisions of this Consent Judgment only cover the period from November 27, 2016 to November 24, 2019 for the individuals named in Exhibit A, and this Consent Judgment shall have no effect upon any back wages and liquidated damages that may have accrued outside that time period or for any individual not named on Exhibit A. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions of this Consent Judgment in any way affect any legal right of any individual named in Exhibit A to file any action against

Defendants for any violations alleged to have occurred outside the period from November 27, 2016 to November 24, 2019.

7. The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary $445,084.64 in gross back wages, from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax, and separate payment totaling $445,084.64 in liquidated damages none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

8. Defendants shall make the payments of back wages and liquated damages required by this Consent Judgment as follows: (i) Defendants shall pay $178,033.86 on April 11, 2022; (ii) Defendants shall make five equal monthly installment payments of $118,689.00 beginning on May 8, 2022, with subsequent installment payments due on June 8, 2022, July 8, 2022, August 8, 2022, and September 8, 2022; (iii) Defendants shall make one final installment payment of $118,690.42 on October 8, 2022. These payments will first be credited toward the liquidated damages amounts owed and then to the back wage amounts owed. The Secretary shall distribute the back wages (less any applicable deductions as set out in Paragraph 7 above) and liquidated damages payments to the employees and former employees, or to their estates, in accordance with the amounts set out in the attached Exhibit A1.

9. Defendants may make the back wage and liquidated damages payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and

searching for WHDBWNE. Alternatively, payment may be made in the form of separate certified checks for the back wage and liquidated damages amounts made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores. Any such check shall have Case Numbers 1894663 and 1899128 written on the face of the check. Funds received by the Secretary pursuant to this Consent Judgment shall be credited first towards liquidated damages due and then towards back wages due.

10. In the event Defendants fail to make payment within ten days of payment being due under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after the lapse of the ten-day period in the foregoing sentence and may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property and assets with an estimated value of $2,000.00 or more, including any bank account numbers and the locations of such property, for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

11. On or before 14 days from the parties' full execution of this Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address and social security number (only to the extent currently known by Defendants).

12. When recovered wages or liquidated damages have not been claimed by an

employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary shall deposit the wages or liquidated damages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

13.     Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment or in any manner attempt to recover any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores.

14.     Defendants have certified that their employment practices are currently in compliance with all applicable provisions of the FLSA as interpreted by the Secretary. If this representation is determined to be false, and Defendants are found to be in violation of the FLSA, additional civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages or relief as appropriate.

15.     Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

16.     Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

　　　　　　　　　　　　　　　　　　　/s/Paul Barbadoro
　　　　　　　　　　　　　　　　　　　The Honorable Paul J. Barbadoro
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:   4/5/2022

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For Defendants La Carreta-Derry, Inc. and La Carreta-Londonderry, LLC and Heriberto Leon.

_____
Heriberto Leon
Individually, and as General Manager of La Carreta-Derry, Inc. and La Carreta-Londonderry, LLC.


/s/ Adam M. Hamel
Adam M. Hamel (NH Bar No. 17110)
adam.hamel@mclane.com
Laura M. Kahl (NH Bar No. 272149)
laura.kahl@mclane.com
MCLANE MIDDLETON, P.A.
900 Elm Street
P.O. Box 326
Manchester, NH 03105-0326


Attorneys for Defendants La Carreta-Derry, Inc. and La Carreta-Londonderry, LLC, and Heriberto Leon.

For the Secretary:

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

/s/ Paul Spanos
Paul Spanos
Sr. Trial Attorney
Spanos.paul@dol.gov
OH Bar No. 0069269

U.S. Department of Labor
Attorneys for Plaintiff

7

**EXHIBIT A**

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Adriana Jaramillo | $3,884.62 | $3,884.62 |
| Angela Munoz | $2,221.15 | $2,221.15 |
| Arturo Torres | $204.36 | $204.36 |
| Arturo Villa | $71,706.13 | $71,706.13 |
| Astrid Alvarez | $107.54 | $107.54 |
| Catalina Vanegas | $7,403.85 | $7,403.85 |
| Diego Jimenez | $67,432.25 | $67,432.25 |
| Eduardo Medrano | $3,490.38 | $3,490.38 |
| Elliot Ramirez | $317.50 | $317.50 |
| Heber Garcia | $139.22 | $139.22 |
| Jose A. Miguel Perez | $7,086.54 | $7,086.54 |
| Jose Edgar Perez | $7,298.08 | $7,298.08 |
| Julian Rivera | $692.31 | $692.31 |
| Kelley Wilcox | $345.43 | $345.43 |
| Kimberly Riley | $403.36 | $403.36 |
| Luis Villa | $128.19 | $128.19 |
| Melissa Grajales | $116.55 | $116.55 |
| Michelle Lopez | $1,375.00 | $1,375.00 |
| Miguel Sandoval | $250.37 | $250.37 |
| Miriam Lopez | $2,211.54 | $2,211.54 |
| Molly Makenzie | $145.55 | $145.55 |
| Nancy Munoz | $168.49 | $168.49 |
| Perlita Chevez | $2,076.56 | $2,076.56 |
| Rafael Carrillo | $1,384.62 | $1,384.62 |
| Samantha Furtado | $36.66 | $36.66 |
| Tiffany Costa | $83.85 | $83.85 |
| Cristian C. Arias | $7,402.50 | $7,402.50 |
| Nicolas Basilio | $689.06 | $689.06 |
| Paciano Baxin | $11,684.62 | $11,684.62 |
| Mariana Brand | $2,990.63 | $2,990.63 |
| Mirta Camposeco | $1,443.75 | $1,443.75 |
| Hernan Castellon | $1,237.50 | $1,237.50 |
| Jose Chepe | $1,706.25 | $1,706.25 |
| Raul Cruz | $11,915.63 | $11,915.63 |
| Jose Cubas | $1,392.19 | $1,392.19 |
| Gerson E. Dodulio | $2,416.13 | $2,416.13 |
| Baldemar Escobar | $19,306.15 | $19,306.15 |
| Amarildo Fonseca | $8,287.50 | $8,287.50 |
| Sandra Giron | $13,050.00 | $13,050.00 |
| Diana L. Jimenez | $7,140.38 | $7,140.38 |
| Constantino A. Lara | $18,365.63 | $18,365.63 |

| | | |
|---|---:|---:|
| Sandra I. Lopez Chun $5,821.88+468.75 | $6,290.63 | $6,290.63 |
| Luisa N/A | $2,238.60 | $2,238.60 |
| Johan Nuno | $13,676.40 | $13,676.40 |
| Maria Perez | $3,480.00 | $3,480.00 |
| Maria Josefina Perez | $1,462.50 | $1,462.50 |
| Salvador Perez | $2,854.69 | $2,854.69 |
| Maria Ramos | $825.00 | $825.00 |
| Camilo Rivera | $2,578.13 | $2,578.13 |
| David Sanchez | $3,346.88 | $3,346.88 |
| Diva Cadavid | $774.38 | $774.38 |
| Julian Castro | $1,237.50 | $1,237.50 |
| Rosario Clemente R. Hilario | $10,725.00 | $10,725.00 |
| Juana Leon | $67,907.13 | $67,907.13 |
| Andrea Martinez | $1,781.25 | $1,781.25 |
| Benito N/A | $1,193.37 | $1,193.37 |
| Diego F. Tangarife Lopez | $10,968.75 | $10,968.75 |
| Estella Vasquez | $420.00 | $420.00 |
| Marleni Vasquez | $3,375.00 | $3,375.00 |
| Marlo Vasquez | $3,575.00 | $3,575.00 |
| Edgar Yoc | $9,351.56 | $9,351.56 |
| Jose Rafael Perez | $6,796.88 | $6,796.88 |
| Luis Ramirez. | $487.97 | $487.97 |
| | **$445,084.64** | **$445,084.64** |